WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV-14-01864-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Nicole Taylor, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Paul A. Robledo's Motion for Reconsideration of this Court's August 12, 2016, Order denying his appeal from an order issued by Magistrate Judge Fine. (Doc. 133).

Reconsideration of a previous order is an "extraordinary remedy" that is "to be used sparingly." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). The only ground available to support Plaintiff's motion is the argument that the Court "committed clear error" in denying his appeal from the Magistrate Judge's order. *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

Having considered Plaintiff's motion, the Court finds that it did not commit clear error in denying his appeal, and thus reconsideration is not warranted. The Court relies on the reasoning set forth in support of the Order Plaintiff now seeks reconsideration of. (Doc. 131). Plaintiff's motion, while it expands upon the rationale behind Plaintiff's

appeal from the Magistrate Judge's order,[1] fails to address how the Court committed clear error in denying Plaintiff's appeal.

The medical records Plaintiff proffered with a time stamp of August 13, 2015, fail to establish on what date *Defense Counsel* obtained copies of Plaintiff's medical records. Plaintiff has failed to cite to any authority to suggest that Defense Counsel is the appropriate target of Plaintiff's efforts. And this Court is not an investigatory body and an investigation is not an appropriate remedy in this appeal.

To the extent that Plaintiff's appeal seeks an order to produce certain evidence relating to when Defense Counsel came into possession of Plaintiff's medical records, the Court finds that it is not relevant to the issues to be tried in this case. Finally, even accepting Plaintiff's claims as true, these proceedings are not "tainted." On May 17, 2016, Plaintiff authorized the release of his medical records over the past ten years to Defendant. Defendant is now in possession of those records, and was recently ordered by the Magistrate Judge to disclose those records to Plaintiff. Defendant's motion for summary judgment has been fully briefed, and will be addressed in due course.

In sum, Plaintiff has not established that the Court's denial of his appeal from the Magistrate Judge's order was clear error. Magistrate Judge Fine will adjudicate Plaintiff's pending Motion to Produce Documents. (Doc. 132). This motion is outside the scope of Plaintiff's Motion for Reconsideration, (Doc. 133), and will not be addressed by the Court.

For these reasons,

/
/
/
/

---

[1] Plaintiff also entered into the record a copy of Defendant Nicole Taylor's Response to Plaintiff's Request for Production of Documents (First Set), which Plaintiff relied on in support of his appeal from the Magistrate Judge's order.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 133), of the Court's August 12, 2016, Order is **DENIED**.

Dated this 19th day of August, 2016.

James A. Teilborg
Senior United States District Judge