1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| 9  Paul Anthony Robledo, | No. CV 14-01864-PHX-JAT (DMF) |
| 10                 Plaintiff, | **REPORT AND** |
| 11  v. | **RECOMMENDATION** |
| 12  Nicole Taylor, et al., | |
| 13                 Defendants. | |

14

15
16

**TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:**

17
18
19
20
21
22
23
24

Before the Court is the matter of sanctions under Fed.R.Civ.P. 37 for Defendant's failure to answer propounded interrogatories after the Court expressly ordered Defendant to answer the interrogatories.  Both of the parties, Plaintiff *pro se* and Defendant appearing in person and through her counsel, have had opportunity to address the Court in writing and at a hearing on whether and what sanctions would be appropriate. Because a Magistrate Judge may not issue sanctions under Fed.R.Civ.P. 37 in a case referred for pretrial matters in accordance with 28 U.S.C. §636(b)(1), *see* LRCiv 72.2(a)(1), this report and recommendation follows.

25

## I.    Recommended Sanction

26
27
28

As explained below, undersigned recommends that, as sanction under Fed.R.Civ.P. 37, the Court strike the Reply in Support of Defendant's Motion for Summary Judgment (Doc. 152), the Objection to Plaintiff's Statement of Facts and

Supplemental Statement of Facts (Doc. 153), and the Sealed Exhibits to the Supplemental Statement of Facts (Doc. 157). Thus, Defendant's Motion for Summary Judgment would be decided based on Defendant's Motion and Supporting Statement of Facts (Docs. 89, 90) and Plaintiff's replacement Response and Supporting Statement of Facts (Docs. 145, 146).[1]   This sanction also moots Plaintiff's request to file a controverting statement of facts in opposition to the Defendant's reply/supplemental statement of facts (*see* Docs. 168, 172, 187), and makes decision on Defendant's Motion for Summary Judgment a more streamlined process.

## II.   Background and Analysis

### A.   The Lawsuit and Defendant's MSJ

Defendant Nicole Taylor, Ph.D, ("Defendant Taylor") was employed and worked at ASPC-Lewis as a psychologist (Doc. 89 at 1-2).   Plaintiff is a prisoner who filed a pro se civil rights lawsuit against Defendant claiming deliberate indifference to his mental health needs (Doc. 16; Doc. 89 at 1-2).  On May 27, 2016, Defendant filed a motion for summary judgment and an accompanying statement of facts ("MSJ") (Docs. 89, 90).  The MSJ included publicly filed excerpts of Plaintiff's mental health records that had not previously been produced to him (*see* Docs. 89, 90, Doc. 98 at 2 lines 18-23; Doc. 120). Plaintiff filed responsive paperwork to Defendants' MSJ on July 21, 2016 (Docs. 116, 117).   The Court later granted leave for Plaintiff to file replacement responsive paperwork to Defendant's MSJ on or before September 20, 2016, to allow Plaintiff time to receive and review all previously unproduced mental health records in Defendant's and/or her counsel's possession (Doc. 120 at 4; Doc. 124).

### B.   The Interrogatories

On August 4, 2016, after the discovery deadline had passed (Doc. 54) and after Plaintiff had received the first of his mental health records the Court had ordered

---

[1] The basis of Defendant's Motion for Summary Judgment is that "Plaintiff has not and cannot present any evidence to support his claims" (Doc. 89 at p. 1, lines 17-28). Plaintiff was given leave to file replacement responsive papers because he had not had access to his own mental health records in Defendant and/or her counsel's possession at the time of filing his original responsive papers (*see* Docs. 120, 124).

Defendant and her counsel to produce (Doc. 120, 128), Plaintiff filed a Motion for Interrogatories (Doc. 125).  The interrogatories for which Plaintiff sought this Court's permission were concisely aimed at defining terms in his mental health records that had been produced to him after the discovery deadline for most other matters (*see* Doc. 98 at 2 lines 18-23; Doc. 120; Doc. 124; Doc. 128) and before filing his new responsive papers to Defendant's MSJ.  For example, Plaintiff requested the meaning of several diagnosis codes referenced in his mental health records (Doc. 125 at 4).

A few days later, on August 8, 2016, Defendant filed a response to Plaintiff's Motion for Interrogatories at Doc. 125 (Doc. 129).  The two sentence response said, "Defendant Nicole Taylor ('Defendant Taylor') responds as follows to Plaintiff's Motion for Interrogatories ('Motion') [Doc. 25].  Defendant Taylor will timely respond to Plaintiff's Interrogatories as drafted in Doc. 125 without waiving any objection thereto" (Doc. 129).  Therefore, on August 9, 2016, this Court granted Plaintiff's Motion for Interrogatories (Doc. 125) and "ORDERED that Defendant timely **answer** Plaintiff's interrogatories in Doc. 25 on or before September 6, 2016, without waiving any objection thereto" (emphasis added) (Doc. 130).

### C.    The Motion to Compel

Attached to Plaintiff's Motion to Compel Answers to Interrogatories (Doc. 144) are "Defendant Nicole Taylor's Responses to Plaintiff's Interrogatories" which were mailed to Plaintiff on September 5, 2016 (Doc. 144 at 5-9; *see also* Doc. 139).  The September 5, 2016, mailing to Plaintiff presented no actual answers to the interrogatories in the document labeled "Defendant Nicole Taylor's Responses to Plaintiff's Interrogatories".  *Id.*  Instead of answering the interrogatories as the Court ordered on August 9, 2016, Defendant wrote, adding her own emphasis:

> OBJECTION.  Plaintiff specifically notes he "submits [his Interrogatory] to Defendant Taylor to be answered by the <u>FHA at ASPC-Lewis</u> [where he is presently incarcerated] *or to any <u>other</u> qualified individual...*"   *See* Doc. 125, p. 2, ll. 6-9 (emphasis added).  Plaintiff's Interrogatory therefore requests a response from an individual other than a party to this lawsuit, i.e., Defendant Taylor.  Plaintiff fails to cite any authority that requires a party to respond to a discovery request that is not directed to any party in a

lawsuit.  Rule 33 allows a party to serve on *any other party* a request for written interrogatories.  Plaintiff's discovery request is not directed to *any* party as required under Rule 33.  As such, no response from Defendant Taylor is warranted.  To the extent Plaintiff seeks a Response from FHA or any *other* qualified individual, he may utilize the Health Needs Request forms, which are available to him at ASPC-Lewis.

Defendant steadfastly maintained the position in her response to the motion to compel that the above language fulfilled her obligations under the discovery rules and this Court's Order (Doc. 148).  Defendant asserted that Plaintiff's Interrogatories "were not directed to Defendant Taylor" such that "responses from Defendant Taylor were not warranted" (Doc. 148 at 2).  This position was not only a distortion of Plaintiff's Motion for Interrogatories (Doc. 125), it ignored Defendant's own response to that motion agreeing "Defendant Taylor will timely respond to Plaintiff's interrogatories as drafted in Doc. 125 without waiving any objection thereto" (Doc. 129), and it ignored this Court's Order of August 9, 2016, ordering Defendant Taylor to answer the interrogatories (Doc. 130).

The language relied upon by Defendant and her counsel for the non-responsive objection to each and all of the interrogatories was not even part of the interrogatories which the Court ordered Defendant Taylor to answer.  Rather, the language relied on by Defendant and her counsel to try to avoid Plaintiff's Interrogatories and this Court's Order came from the motion for the interrogatories itself as part of Plaintiff's request to have the answers to the Interrogatories by August 25, 2016 (Doc. 125 at 2), rather than the usual 30 day response period (to September 6, 2016, the day after Labor Day), as the Court later ordered at Doc. 130.

On page one of the motion portion of Doc. 125, Plaintiff began to list why the interrogatories were needed quickly and even though the discovery deadline had passed.  The reasons extended to page two, including the language upon which Defendant based her entire reason for not answering the interrogatories that she was expressly ordered by this Court to answer.   In Plaintiff's motion at Doc. 125 at page two, Plaintiff appeared to be referencing the previous position of Defendant that she should not produce to Plaintiff

his mental health records unless, during review of his records, he had a mental health professional present from the institution in which he was housed (*see, e.g.*, Docs. 58, 59, 60, 61, 89, 90, 98, 107, 120).

Even if the Court's Order had not been clear and unambiguous that Defendant Taylor was required to answer the interrogatories, the language Defendant relied upon from Plaintiff's motion was not part of the actual interrogatories. The language was separated from the actual interrogatories not only by the date and signature line of the motion but also was followed a full page cover sheet stating "Interrogatories" between the motion and the list of interrogatories (see Doc. 125 at 3, 4). The interrogatories themselves were clearly set forth on page four separate from the motion at pages one to two, were simply and separately numbered non consecutively to the numbering in the motion, and contained no language about the possibility or desire that a non-party answer the interrogatories (*see* Doc. 125).

In any event, the Court's Order did not include the language on which Defendant based her failure to answer the interrogatories. The Court's Order was plain, simple, and clear that "Defendant timely answer Plaintiff's interrogatories in Doc. 125 on or before September 6, 2016" (Doc. 130). Thus, by Order dated September 29, 2016 (Doc. 150), the Court found Defendant's responses to the interrogatories inadequate and in violation of this Court's August 9, 2016, Order directing that "Defendant timely answer Plaintiff's Interrogatories in Doc. 125" (Doc. 130). The Court again ordered Defendant to answer the interrogatories and include a copy of such answers with the Notice of Service, which Defendant did (*see* Docs. 150, 162-1).

Given the timing of the original answers Plaintiff had to (and did) file his replacement responsive papers to Defendant's Motion for Summary Judgment (Docs. 89, 90) on September 15, 2016, without the benefit of the answers to the interrogatories as ordered by the Court on August 9, 2016 (Docs. 145, 146). Thereafter, Defendant filed a reply and a supplemental statement of facts in support of her motion for summary judgment (Docs. 152, 153, 155), and Plaintiff seeks to file controverting statement of facts to Defendant's supplemental statement of facts (*see* Docs. 168, 172, 187).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.   Fed. R. Civ. P. 37

The Federal Rules of Civil Procedure ("Fed.R.Civ.P.") prohibit the conduct in which Defendant and/her counsel engaged.   Fed.R.Civ.P. 37(d)(1)(A)(ii) provides that the Court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 fails to serve its answers, objections, or written response."   F.R.Civ.P. 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."   Fed.R.Civ.P. 37(d)(2) states that a "failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."   Possible sanctions for such conduct includes the sanctions set forth in Fed.R.Civ.P. 37(b)(2)(A)(i) - (iv), in addition to reasonable expenses.   Fed.R.Civ.P. 37(d)(3).   Such sanctions may include, "prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence," "striking pleadings in whole or in part," and "rendering a defalult judgment against the disobedient party."   *See* Fed.R.Civ.P. 37(b)(2)(A)(ii) - (iv).

Because Defendant and her counsel provided evasive and incomplete responses to Plaintiff's Interrogatories at Doc. 125 at page 4 after being expressly ordered by this Court to answer the interrogatories (Doc. 130), the Court may impose sanctions under Fed.R.Civ.P. 37.   As instructed by the Court, Plaintiff *pro per* and Defendant through counsel filed memoranda regarding whether and what sanctions were appropriate for Defendant's failure to answer the interrogatories (Docs. 167, 170), and the Court set a hearing with notice that the only sanctions to be considered were discovery sanctions under Fed.R.Civ.P. 37 (Docs. 173, 174).   On November 14, 2016, the hearing was held with the parties and defense counsel in a courtroom in the Phoenix location of the United States District Court with a VTC connection to the courtroom in Flagstaff.

### E.   Recommended Sanction

In Plaintiff's memorandum regarding possible sanctions, Plaintiff expressed a desire not to again file replacement papers in opposition to Defendant's motion for

- 6 -

summary judgment even though he now has the answers to the interrogatories (Doc. 167 at p. 3, lines 4-8).   Plaintiff requests that the Court strike Defendant's motion for summary judgment (Docs. 89, 90) as sanction.   Defendant seeks no sanction at all, arguing that her professional ethical obligations and ADOC policy prevented her from answering the interrogatories (Doc. 170).   Defendant did not raise such arguments in opposition to the motion for interrogatories, in any motion for reconsideration of this Court's Order that Defendant answer the interrogatories, in any appeal to the District Judge of this Court's Order, or even in response to Plaintiff's motion to compel. Noteworthy is that Defendant appears to have adequately answered the interrogatories on October 6, 2016 (Doc. 162) without running afoul of her ethical obligations.

Further, the Court is not persuaded that an ADOC policy about inmate access to mental health records excuses Defendant's failure to answer the interrogatories when and as originally ordered.   First, the ADOC policy is a general policy applicable to review by inmates of their mental health records, and it does not specifically address procedures when litigation arises.   Further, in July, 2016, Defendant filed a response to Plaintiff's various motions stating, in part: "[S]hould the Court deem an Order permitting the release of Plaintiff's complete mental health file is proper despite DO 1104.02, Defendant Taylor will comply consistent with that Order" (Doc. 119 at 3).   In July, 2016, the Court did in fact issue an Order that mental health information be released directly from Defendant's counsel to Plaintiff without a prison mental health professional present during review as would be required under DO 1104.02 (Doc. 120).   As set forth in the Court's analysis in the Order (Doc. 120), the Court must be able to manage the litigation before it. Managing the litigation is the Court's role, not the ADOC's role directly or through policies.   Further, it is noteworthy that when it suited Defendant's litigation purpose to publicly file some of Plaintiff's mental health records as an attachment to the statement of facts in support of Defendant's motion for summary judgment in May, 2016 (Doc. 90), Defendant's counsel mailed the documents directly to Plaintiff without adherence to DO 1104.02 (*see* Doc. 120).

The Court is also not persuaded that the conduct warrants striking of Defendant's motion for summary judgment papers.  This seems too severe of a sanction.  While Defendant's conduct around the interrogatories impeded Plaintiff's ability to have all the information he expected to have to respond to the motion for summary judgment, he is not asking for another chance to file responsive papers.  Further, because the dispositive motion deadline has passed (*see* Doc. 54), striking Defendant's motion for summary judgment papers would ensure that the case would proceed to trial despite that the issue argued in the summary judgment is that Plaintiff does not have adequate evidence to support his claims in the lawsuit.  Striking the reply papers in support of Defendant's motion for summary judgment is a more measured and appropriate sanction.  It still allows possible decision of the case on dispositive motion, but eliminates incentive to violate court orders and rules in the future.

Accordingly,

**IT IS HEREBY RECOMMENDED that** the Court strike the Reply in Support of Defendant's Motion for Summary Judgment (Doc. 152), the Objection to Plaintiff's Statement of Facts and Supplemental Statement of Facts (Doc. 153), and the Sealed Exhibits to the Supplemental Statement of Facts (Doc. 157).   Thus, Defendant's pending Motion for Summary Judgment would be decided based on the Motion and Supporting Statement of Facts (Docs. 89, 90) and Plaintiff's replacement Response and Supporting Statement of Facts (Docs. 145, 146).

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion for an extension of time to file controverting statement of facts to Defendant's supplemental statement of facts (Docs. 168, 187) be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have

fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 15th day of November, 2016.


Honorable Deborah M. Fine
United States Magistrate Judge