**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo,<br><br>   Plaintiff,<br><br>v.<br><br>Nicole Taylor, et al.,<br><br>   Defendants. | No. CV-14-01864-PHX-JAT (DMF)<br><br>**ORDER** |

Plaintiff Paul Anthony Robledo, who is currently confined in Arizona State Prison Complex-Lewis ("ASPC-Lewis"), brought this civil rights case against Defendant Nicole Taylor pursuant to 42 U.S.C. § 1983. (Docs. 16, 109). Pending before the Court is a Report and Recommendation ("R&R") from the Magistrate Judge, (Doc. 193), recommending the Court do the following: (1) strike the Reply in Support of Defendant's Motion for Summary Judgment, (Doc. 152); (2) strike Defendant's Objection to Plaintiff's Statement of Facts and Supplemental Statement of Facts, (Doc. 153); (3) strike Defendant's Sealed Exhibits to the Supplemental Statement of Facts, (Doc. 157); (4) deny, as moot, Plaintiff's Motion for an Extension of Time and for Miscellaneous Relief, (Doc. 168); and (5) deny, as moot, Plaintiff's Supplement to his Motion for an Extension, (Doc. 187).

**I.   BACKGROUND**

Plaintiff is suing Defendant, who was a psychologist at ASPC-Lewis, for allegedly denying him constitutionally adequate medical care in violation of the Eighth

Amendment. (Doc. 16 at 3, 8).

In response to Plaintiff's Motion to Compel Defendant to Produce his Medical and Mental Health Records, (Doc. 58), the Magistrate Judge granted Plaintiff's Motion pursuant to Arizona Department of Corrections Department Order 1104. (Doc. 61 at 2). Department Order 1104 sets forth a specific procedure in response to an inmate's request to review his mental health records.[1] Ariz. Dep't of Corr. Dep't Order 1104.02. First, a psychiatrist or licensed psychologist determines whether an inmate's review of his mental health records would be "detrimental to the inmate's condition or treatment." *Id.* at 1104.02(1.2.4). Next, where "there is no contraindication to the inmate reviewing" particular sections of the records, the inmate may review those sections in the presence of the reviewing psychiatrist or licensed psychologist. *Id.* at 1104.02(1.2.5). However, for sections of the records for which review is contraindicated, the psychiatrist or licensed psychologist is to "verbally advise" the inmate that access to the records is denied. *Id.* at 1104.02(1.2.6).

Defendant filed a Motion for Summary Judgment and accompanying Statement of Facts, which, because Plaintiff had not yet complied with Department Order 1104, contained excerpts of Plaintiff's mental health records that had not been produced to him. (Docs. 89, 90, 105, 107). Six weeks after filing her Motion for Summary Judgment, Defendant filed a motion to seal the "documents attached as exhibits and submitted in support of [Defendant's] Statement of Facts in [S]upport of [Defendant's] Motion for Summary Judgment." (Doc. 107). Given Defendant's delay and the fact that Plaintiff had already reviewed the filed portions of Plaintiff's mental health records, the Magistrate Judge ordered Defendant to "produce to Plaintiff a full copy of Plaintiff's mental health

---

[1] The Court notes that Department Order 1104.03 sets forth a specific procedure by which inmates may "obtain copies of their medical records for use in litigation of medical issues." Ariz. Dep't of Corr. Dep't Order 1104.03 (2012). The parties appear to have disregarded this Department Order and instead used Department Order 1104.02, by which an inmate may simply "review" his medical records. *Id.* at 1104.02; *see also, e.g.*, *Aros v. Ryan*, No. CV11-2565-PHX-SRB (LOA), 2014 WL 936131, at *3 (D. Ariz. Mar. 11, 2014) (requiring a plaintiff to attempt to obtain his medical records following the procedures set forth in ADOC Department Order 1104.02 before filing a motion to compel with the court).

records" in her possession, instructing that "a mental health provider need not be present during Plaintiff's review of such records." (Doc. 120 at 3–4).

Plaintiff later filed a "Motion for Interrogatories," with five questions regarding terms or phrases from Plaintiff's mental health records that Plaintiff found unclear.[2] (Doc. 125). Plaintiff asked that the interrogatories be "answered by the [Facility Health Administrator ("FHA")] at ASPC-Lewis or any other qualified individual." (*Id.* at 2). The Magistrate Judge ordered that "Defendant shall respond to [Plaintiff's] Motion." (Doc. 127). In her Response, Defendant stated that "Defendant Taylor will timely *respond* to Plaintiff's Interrogatories." (Doc. 129) (emphasis added). In a following Order, however, the Magistrate Judge, noted that "Defendant has responded that Defendant will timely *answer* the interrogatories" and, therefore, ordered that "Defendant timely *answer* Plaintiff's [I]nterrogatories." (Doc. 130) (emphasis added). In responding to Plaintiff's Interrogatories, Defendant drafted the following objection for each question:

> OBJECTION. Plaintiff specifically notes he "submits [his Interrogatory] to Defendant Taylor *to by [sic] answered by the FHA at ASPC-Lewis* [where he is presently incarcerated] *or any other qualified individual*" . . . . Plaintiff's

---

[2] Plaintiff's Motion for Interrogatories included the following questions:

> (1) What does the following mean: NOS[;] Diagnosis Deferred On Axis II[;] Axis I, II, III, etc.[;] Diagnosis Code[s] #311[,] #298.9[,] 799.9a[,] #e99.04[,] #e99.11[,] #309.28[.] *These terms and codes are in my mental health record[;]
>
> (2) When my mental health record states: "Rule Out Malingering Assessed," does it mean that a provider determined I was not malingering?[;]
>
> (3) If "no" to #2, what does: "Rule Out Malingering Assessed" mean?[;]
>
> (4) When my mental health record states: "Rule Out Personality Disorder Assessed," does it mean that a provider determined I do not have a personality disorder?[;]
>
> (5) If "no" to #4, what does: "Rule Out Personality Disorder Assessed" mean?

(Doc. 125 at 4).

> Interrogatory therefore requests a response from an individual other than a party to this lawsuit, i.e., Defendant Taylor. Plaintiff fails to cite to any authority that requires a party to respond to a discovery request that is not directed to *any party* in a lawsuit. Rule 33 allows a party to serve on *any other party* a request for written interrogatories. Plaintiff's discovery request is not directed to *any* party as required under Rule 33. As such, no response from Defendant Taylor is warranted. To the extent Plaintiff seeks a Response from the FHA or any *other* qualified individual, he may utilize the Health Needs Request forms, which are available to him at ASPC-Lewis.

(*See* Doc. 144 at 5–8). In response to Defendant's objections, Plaintiff filed a Motion to Compel, asking the Magistrate Judge to order Defendant to respond to his Interrogatories. (*Id.* at 1–4). The Magistrate Judge, construing Plaintiff's Motion as a request for sanctions, found "that Defendant and her counsel provided evasive and incomplete responses to Plaintiff's Interrogatories" and ordered that Defendant "timely and completely answer" Plaintiff's Interrogatories and show cause as to why the Court should not sanction Defendant under Federal Rule of Civil Procedure ("Federal Rule") 37. (Doc. 150 at 6–7).

## II. REPORT AND RECOMMENDATION

### A. Legal Standard

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *accord Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (holding that the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that

is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

### B.  Analysis

Both Plaintiff and Defendant object to the Magistrate Judge's R&R. Defendant argues that sanctions are not appropriate and, alternatively, that the sanctions recommended are inappropriate in relation to Defendant's conduct. (Doc. 200). Plaintiff argues that "the only suitable sanction is rendering a default judgment against Defendant." (Doc. 197 at 6).

Upon a party's motion, a court may impose sanctions on another party pursuant to Federal Rule 37(d). Fed. R. Civ. P. 37(d)(1)(A). Federal Rule 37(d)(1)(A)(ii) provides that a court may order sanctions if "a party, after being properly served with interrogatories under [Federal] Rule 33 fails to serve its answers, objections, or written response." However, the Ninth Circuit Court of Appeals (the "Ninth Circuit") has held that Federal Rule 37(d) is only triggered when a party completely fails to respond to another party's interrogatories. *See Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1339–40 (9th Cir. 1985) (holding that Federal Rule 37(d) "did not give the district court authority to impose sanctions against" a party because the party "did not 'fail . . . to serve answers *or objections* to interrogatories'" (quoting Fed. R. Civ. P. 37(d))); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) ("[W]e [have] held that [Federal] Rule 37(d) does not extend to situations in which the rule is 'inapplicable by its very terms,' even when general discovery misconduct is alleged." (quoting *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 n.1 (9th Cir. 1992))). Further, Federal Rule 37(d)(1)(B) requires that a party requesting sanctions "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

Here, Federal Rule 37(d) is not triggered for two reasons. First, Defendant did *respond* to Plaintiff's interrogatories. The Magistrate Judge noted that Federal Rule

37(d)(2) states that a "failure described in [Federal] Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable" and, thus, found that Defendant's objections were no excuse to possible Federal Rule 37 sanctions. (Doc. 193 at 6). However, as described above, the Ninth Circuit has held that Federal Rule 37(d)(1)(A) is not triggered unless a party *completely fails* to respond. Given the Ninth Circuit's holding, the situation that Federal Rule 37(d)(2) appears to anticipate is where a party refuses to even respond to interrogatories because the party finds them objectionable.

Second, Plaintiff has failed to comply with Federal Rule 37(d)(1)(B), which requires a movant to certify that he has, in good faith, conferred or attempted to confer with the noncompliant party. Plaintiff's Motion to Compel, (Doc. 144), which the Magistrate Judge construed as Plaintiff's motion for sanctions, (Doc. 150 at 6), contains no certification and details no attempt to resolve the parties' dispute without court involvement. All discovery is conducted pursuant to Federal Rule 1, which directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The Court expects the parties to carry out the spirit of the Federal Rules by working collaboratively throughout the discovery process and attempting to resolve any differences before bringing those issues to the Court for disposition. The provision in Federal Rule 37(d)(1)(B) serves a valuable purpose in reminding parties that the role of a federal court is not to micromanage all disputes between parties during discovery. Because Plaintiff has not complied with Federal Rule 37(d)(1)(B) by attempting to confer with Defendant regarding this dispute, the sanctions provisions available under Federal Rule 37(d) are not triggered.

The Court further finds that no other sanctions are warranted at this time. For example, while a federal court may impose sanctions against anyone "who so multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, Defendant's filings have not been vexatious. Additionally, Plaintiff's Motion to Compel is procedurally defective to warrant Federal Rule 11 sanctions. *See* Fed. R.

Civ. P. 11(c)(2) (providing for a 21-day safe harbor between service of motion and filing). Finally, while a federal court has the inherent power to levy sanctions for a party's "bad faith or willful disobedience of a court's order," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–47 (1991), the Magistrate Judge explicitly noted that Defendant had not acted in bad faith, (*see* Doc. 120 at 3 ("[T]he Court does not find Defendant was acting at any time in bad faith . . . .")). Thus, the Court finds that sanctions against the Defendant are inappropriate at this time.[3]

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** the Magistrate Judge's Report and Recommendation (Doc. 193) is **REJECTED**.[4] Thus, Defendant's pending Motion for Summary Judgment will be decided based on Defendant's Motion and Supporting Statement of Facts (Docs. 89, 90), Plaintiff's replacement Response and Supporting Statement of Facts (Docs. 145, 146), Defendant's Reply in Support of Defendant's Motion for Summary Judgment (Doc. 152), Defendant's Objection to Plaintiff's Statement of Facts and Supplemental Statement of Facts (Doc. 153), Defendant's Sealed Exhibits to the Supplemental Statement of Facts (Doc. 157), and Plaintiff's Controverting Statement of Facts to Defendant's Supplemental Statement of Facts (Doc. 198).

///
///
///
///
///
///

---

[3] Because the Court rejects the Magistrate Judge's R&R, the Court must rule on Plaintiff's Motion for an Extension of Time to File a Controverting Statement of Facts to Defendant's Supplemental Statement of Facts (Doc. 168). Because Plaintiff has filed a Supplemental Statement of Facts, (Doc. 198), on November 23, 2016, the Court rules that Plaintiff's filing was timely and his Motion for an Extension of Time is moot.

[4] The parties' objections are sustained and/or rejected consistent with this Order.

1 **IT IS FURTHER ORDERED** Plaintiff's Motion for an Extension of Time
2 (Doc. 168) is **DENIED** as moot.
3 Dated this 21st day of December, 2016.

James A. Teilborg
Senior United States District Judge