WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo, | No. CV-14-01864-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Nicole Taylor, et al., | |
| Defendants. | |

As a result of the screening of Plaintiff's second amended complaint, one count remained in this case: an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Taylor. (Doc. 16 at 7). Following discovery, now pending is Defendant Taylor's motion for summary judgment on this remaining claim. (Docs. 89 and 90). Plaintiff received a *Rand* warning (Doc. 91). Plaintiff then filed a response to Defendant Taylor's motion (Doc 145) and a statement of facts (Doc. 146). Defendant filed a reply. (Doc. 152). Defendant also objected to Plaintiff's statement of facts and filed a supplemental statement of facts therewith. (Doc. 153). Defendant included certain sealed exhibits with the supplemental statement of facts. (Doc. 157). Plaintiff then filed a controverting statement of facts to Defendant's supplemental statement of facts. (Doc. 198).

**I.   Background**

Plaintiff is suing Defendant Taylor, who was a psychologist at ASPC-Lewis, for allegedly denying him constitutionally adequate medical care. This Court previously

summarized the remaining count as follows:

> In Count One, Plaintiff asserts that Defendant Taylor denied him constitutionally adequate medical care in violation of the Eighth Amendment. On December 12, 2012, one of Plaintiff's alternate personalities took control of his mind and body causing him to become mute. Plaintiff submitted a health needs request regarding his muteness on December 18, 2012, and Defendant Taylor "refused to perform a mental health assessment" or refer Plaintiff to a different medical provider. Plaintiff and Defendant Taylor did have a "session" on December 18, 2012, and Plaintiff communicated to Defendant Taylor that he was suffering from some kind of mental illness and was not able to speak. Plaintiff alleges that his session with Defendant Taylor on December 18 was not recorded and that she falsified her reports of their December 18 and March 13, 2013 sessions. Plaintiff claims that muteness can become permanent if it goes untreated. Plaintiff further claims that he has been diagnosed with muteness stemming from a mental illness.

Doc. 16 at 3.

Notwithstanding the allegations of the complaint, as of today Plaintiff is arguing he suffers from "aphasia" and that Defendant Taylor's liability stems from her treatment of Plaintiff's aphasia. (Doc. 145 at 5).

Initially in her motion, Defendant Taylor summarizes Count One as it is recounted by Plaintiff in the second amended complaint. (Doc. 89 at 2). Later in her motion, and with her reply, Defendant Taylor presents evidence that Plaintiff's new theory of aphasia is not supported by medical evidence because Plaintiff did not suffer the requisite brain injury to have this condition. (Doc. 89 at 8; Doc. 152 at 5).

## II. Legal Standard for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support that assertion by "citing to particular parts of materials in the record," including depositions, affidavits, interrogatory answers or other materials, or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

At the summary judgment stage, the trial judge's function is to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Liberty Lobby, Inc.*, 477 U.S. at 249–50. If the evidence is merely colorable or is not significantly probative, the judge may grant summary judgment. *Id.*

**III.   Legal Standard for a Deliberate Indifference Claim**

"Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986) (citing *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)). There are two prongs to the deliberate-indifference analysis: an objective prong and a subjective prong. Under the objective prong, a prisoner must show a "serious medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (citation omitted).

Under the subjective prong, a prisoner must show: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096). The state of mind required for deliberate indifference is subjective recklessness; however, the standard is "less stringent in cases involving a prisoner's medical needs . . . because 'the State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'" *McGuckin*, 974 F.2d at 1060 (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact, and a factfinder may conclude that a defendant knew of a substantial risk based on the fact that the risk was obvious. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (quotations and citations omitted). Deliberate indifference may also be shown by the way in which prison officials provide medical care, *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988), "by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm," *Lolli v. Cty. of Orange*, 351 F.3d 410, 421 (9th Cir. 2003), or by a purposeful act or failure to respond to a prisoner's pain or possible medical need, even if a prisoner cannot show that his harm was substantial, *Jett*, 439 F.3d at 1096; *see also*

*McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary."). Nevertheless, the deliberate-indifference doctrine is limited; an inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not support an Eighth Amendment claim. *Wilhelm*, 680 F.3d at 1122 (citations omitted). Further, a mere difference in medical opinion does not establish deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

**IV.  Discussion**

  **A.  Serious Medical Need**

First, the Court must consider whether Plaintiff had a serious medical need. As stated above, "[a] 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. The harm Plaintiff claims to have suffered in this case is that he is mute and that the muteness may become permanent. (Doc. 13 at 4).

Defendant Taylor has presented medical experts who opine that Plaintiff has exaggerated or fabricated his symptoms for secondary gain, including: a preferred housing assignment, a change in custody level, a sentence reduction, and to aid the appeal of his criminal sentence. (Doc. 89 at 11; Doc. 90 at 8, ¶ 31(C); Doc. 152 at 7; Doc. 153 at 9-10, ¶¶ 38, 43-44). Plaintiff has not offered any conflicting medical opinions.

Further, Defendant Taylor has presented evidence that Plaintiff actually can speak and has recounted two instances where Plaintiff did speak after his meeting with Defendant Taylor. (Doc. 89 at 5, 11; Doc. 90 at 5, ¶¶ 20-21). Plaintiff admits he spoke on these two occasions. (Doc. 90 at 5, ¶¶ 20-21).

Additionally, Defendant Taylor notes that no medical professional has ever diagnosed Plaintiff with the conditions (aphasia and mutism[1]) he claims to have. (Doc.

---

[1] Defendant Taylor also argues that no medical expert has ever diagnosed Plaintiff with Dissociative Identity Disorder. (Doc. 89 at 2; Doc. 90 at 6, ¶¶ 25-26). However, Plaintiff appears to have abandoned this self-diagnosis as a cause of his mutism. (Doc.

89 at 8, 12). Thus, Defendant Taylor concludes that Plaintiff does not have a serious medical need based on his self-diagnosed conditions. Plaintiff has offered no medical evidence to refute Defendant Taylor's conclusion. Further, Plaintiff does not dispute that he has had numerous mental health assessments during which he could have obtained a conflicting diagnosis if one was warranted. (Doc. 146-3 at 16 (June 17, 2015 report); Doc. 146-3 at 20 (June 12, 2015 report); Doc. 146-3 at 28 (June 11, 2015 report); Doc. 146-3 at 32 (April 13, 2015 report); Doc. 146-3 at 36 (January 30, 2015 report); Doc. 146-3 (January 13, 2015 report)).[2]

Plaintiff responds and argues that a health care provider made an "aphasia" notation in his medical records. (Doc. 145 at 4). Plaintiff does not cite to where in his 48 page statement of facts or 296 pages of exhibits the Court might find this notation. (*See generally* Doc. 146). Nonetheless, the Court has reviewed the documents and has found (by way of example) that at Doc. 146-3, page 17, on June 17, 2015, a psychology associate did an assessment of Plaintiff, which included the following: "Aphasia [784.3]" "Assessed". In this same report, the assessment notes state, "anxious but stable, future-oriented, adequate coping". (Doc. 146-3 at 17). No treatment is ordered in the report and no medications are ordered in the report. (*Id.*). The report does not include an overall conclusion. (*Id.* at 16-19). In his response to Defendant Taylor's motion for summary judgment, Plaintiff does not argue that any condition other than aphasia is impacting him. (Doc. 145- at 1-7).

On this record, the Court finds nothing that shows Plaintiff has been diagnosed with aphasia or any other condition that would cause his claimed mutism. The reports the Court has located referencing aphasia show that Plaintiff was assessed for the condition, but the reports do not show Plaintiff was diagnosed with the condition. (For example, Plaintiff was assessed for eight other conditions in the June 17, 2015 report, but does not

---

145 at 1-7).

[2] The Court has only recounted mental health reports included by Plaintiff in his statement of facts. Defendant Taylor included additional reports with her exhibits.

appear to have been diagnosed with having any of them. (Doc. 146-3 at 17)). Moreover, Defendant Taylor presented evidence that Plaintiff does not meet the medical definition of aphasia because he did not suffer the prerequisite injury required for such a diagnosis and, thus, does not have this condition. (Doc. 89 at 5 and n. 1, 6, 8; Doc. 90 at 7-8 ¶¶ 28, 31; Doc. 152 at 4-5.). Finally, Plaintiff has not argued, nor produced evidence, that he suffered from a different serious medical need that required treatment.

Based on this undisputed medical evidence, the Court finds Plaintiff did not have a serious medical need that Defendant Taylor failed to treat. Accordingly, Defendant Taylor is entitled to judgment in her favor.

### B. Defendant's Taylor's Actions

Alternatively, assuming Plaintiff could show a serious medical need, the Court will consider whether Defendant Taylor acted with deliberate indifference. As stated above, to show this component of a deliberate indifference to a serious medical need claim, a prisoner must show: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing omitted).

In his second amended complaint, Plaintiff claims that his harm of muteness arose on December 12, 2012. (Doc. 16 at 3). Plaintiff claims he submitted a request for treatment on December 18, 2012. (*Id*.). Plaintiff further claims Defendant Taylor examined him that same day. (*Id*.).

In his response to summary judgment Plaintiff complains that Defendant Taylor did not record the December 18, 2012 encounter. (Doc. 145 at 2). Plaintiff argues that a failure to record the encounter means that Defendant Taylor did not perform a mental health assessment. (*Id*.). At his deposition, Plaintiff testified that Defendant Taylor examined him (looked at him) and made a conclusion. (Doc. 146 at 16). But Plaintiff argues this care was inadequate because Defendant Taylor failed to document (record) the examination. (Doc. 146 at 29-30). As discussed above, deliberate indifference requires a purposeful act or failure to respond to Plaintiff's pain or possible medical need

1 and resulting harm. The Court finds that, assuming Defendant Taylor failed to make written or oral notes of the December 18, 2012 examination, such a failure to make notes was not a failure to respond to a possible medical need.

Additionally, Plaintiff offers nothing beyond his own argument that a failure to make a record equates to a failure to provide mental health treatment. It is undisputed that Plaintiff received an examination on the day he requested it. Plaintiff's unhappiness with the result of that examination does not rise to the level of deliberate indifference to a serious medical need. *See Shields v. Kunkel*¸ 442 F.2d 409, 410 (9th Cir. 1971) (holding that a difference of opinion between the patient and the physician does not state a deliberate indifference claim). Thus, alternatively, Defendant Taylor is entitled to summary judgment on this prong of Plaintiff's deliberate indifference to a serious medical need claim.[3]

Moreover, even if Defendant Taylor's care equated to a failure to respond to a serious medical need, Plaintiff cannot show a resulting harm. Specifically, as of January 6, 2016, Dr. Bertel evaluated Plaintiff and determined that Plaintiff "continues elective mutism." (Doc. 153 at 9 ¶ 40). Because the harm Plaintiff claims to suffer, mutism, is "elective", Defendant Taylor's treatment or lack thereof did not harm Plaintiff.

**V. Conclusion**

Based on the foregoing,

**IT IS ORDERED** withdrawing the reference to the Magistrate Judge as to Defendant Taylor's motion for summary judgment (Doc. 89).

/ / /

/ / /

---

[3] Plaintiff repeatedly argues that Defendant Taylor violated the "standard of care" by failing to make a record of the December 18, 2012 examination. (*See e.g.,* Doc. 146 at 32). The record in this case does not establish that the "standard of care" requires a recording of the examination. But, even assuming such a recording would be required to meet the "standard of care," the test for a malpractice claim is not the same as a deliberate indifference claim. *See Shields*, 442 F.2d at 410 ("Simple malpractice does not give rise to an action under section 1983"). Thus, even a failure to meet the standard of care would not overcome Defendant Taylor's entitlement to summary judgment on Plaintiff's deliberate indifference claim.

- 8 -

1   **IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 89)
2 is granted.  The Clerk of the Court shall enter judgment in favor of Defendants,[4] Plaintiff
3 shall take nothing.
4   Dated this 24th day of February, 2017.

James A. Teilborg
Senior United States District Judge

---

[4] *See also* (Doc. 16 at 8).