WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo,<br><br>    Plaintiff,<br><br>v.<br><br>Nicole Taylor, et al.,<br><br>    Defendants. | No. CV-14-01864-PHX-JAT<br><br>**ORDER** |

On February 27, 2017, this Court entered judgment in favor of the only remaining Defendant in this case. (Docs. 205 and 206). Thereafter, Plaintiff filed three motions. The Court will address each motion below.

**I.  Petition for Writ of Coram Nobis (Doc. 214)**

This writ was abolished in Federal Rule of Civil Procedural 60(e); accordingly any relief sought in this petition is denied.

**II.  Motion to Vacate (Doc. 208)**

In this motion, Plaintiff seeks reconsideration of this Court's order of December 21, 2016 (Doc. 204). Motions for reconsideration are due within 14 days. L.R. Civ. 7.2(g)(2). This motion was filed approximately 3 months after the Order was entered and is untimely. Accordingly, any relief sought therein is denied.[1]

---

[1] The Court notes that in his motion, Plaintiff specifically directed this Court that "this motion is not to be construed as a motion for reconsideration." Doc. 208 at 1. Nonetheless the motion is clearly a motion for reconsideration, and Plaintiff cannot direct this Court to consider it as something else to avoid the timeliness requirement.

### III. Motion to Vacate (Doc. 207)

In this 40 page motion[2] with an additional 22 pages of exhibits, Plaintiff moves for Federal Rule of Civil Procedure 60 relief from this Court's summary judgment order. Plaintiff claims to seek relief under Rules 60(b)(1), 60(b)(3), and 60(b)(4).

#### A. Rule 60(b)(1) (mistake etc.)

Plaintiff re-urges the same evidence he had in his possession at the time he opposed Defendant's summary judgment motion and argues that this Court committed a mistake by ruling against him. Rule 60 is not an opportunity to seek reconsideration of the Court's prior order, which is effectively what Plaintiff is asking.[3] Nonetheless, the Court has reviewed Plaintiff's motion (Doc. 207 at 1-30) and finds the Court did not make any "mistake" that would entitle Plaintiff to relief.[4] Accordingly, relief under Rule 60(b)(1) is denied.

#### B. Rule 60(b)(2) (fraud etc.)

Plaintiff next argues Defendant made certain misrepresentations to the Court regarding the timing of discovery and Plaintiff disputes the report of Defendant's expert. (Doc. 207 at 31-39). The timing of discovery issues were previously addressed by this Court (Doc. 204), but regardless do not impact Defendant's entitlement to summary judgment in this case; therefore, the Court will not grant relief on this basis. Further, Plaintiff's complaints regarding Defendant's expert do not provide a basis for Rule 60(b)(2) relief because under Plaintiff's own facts, the Court was never misled.

---

[2] As Defendant correctly notes, Plaintiff exceeded the 17 page limit for motions, without leave of court; but the Court has nonetheless considered this motion in its entirety.

[3] Again, Plaintiff directs this Court that it may not construe his motion as one for reconsideration. However, as with the other motion, this motion is in fact seeking reconsideration.

[4] By way of example, Plaintiff argues that the Court made a "mistake" in reading a medical report when the Court said no treatment nor medication were ordered by the report. (Doc. 207 at 12). Plaintiff claims this was a mistake on the Court's part because he was given a TTY unit by corrections officers to make phone calls. (Doc. 207 at 13). Plaintiff motion is meritless because: 1) he makes no argument that the Court misread the document on which the court relied; and 2) any evidence Plaintiff has that the corrections officers gave him a TTY unit for phone calls is not a medical treatment.

1 | Accordingly, relief under Rule 60(b)(2) is denied.

### C. Rule 60(b)(4) (void judgment)

Plaintiff makes no specific argument under this section (Doc. 207 at 39); therefore for the reasons stated above relief is denied. To the extent Plaintiff includes an argument under Rule 61 in this motion (although captioned Rule 62) (Doc. 207 at 40), Plaintiff has also not shown a basis for relief under this Rule.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the motion to vacate (Doc. 207) is denied.

**IT IS FURTHER ORDERED** that the motion to vacate (Doc. 208) is denied.

**IT IS FINALLY ORDERED** that the petition for writ (Doc. 214) is denied.

Dated this 8th day of May, 2017.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge