# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Nicole Taylor, et al.,<br><br>　　　　　Defendants. | No. CV-14-01864-PHX-JAT<br><br>**ORDER** |

Plaintiff moves for a free copy of the transcript from the show cause hearing on November 14, 2016. (Doc. 219).

Pursuant to 28 U.S.C. § 1915(a), the Court allowed the *pro se* Plaintiff to proceed *in forma pauperis* in this case. (Doc. 7). Plaintiff requests that a transcript of the November 14, 2016 hearing be provided to him free of charge because of his *in forma pauperis* status. Plaintiff seeks the transcript for purposes of his appeal. Because certain limitations apply to the provision of transcripts at the government's expense, the Court must determine whether Plaintiff is entitled to the transcript.

Congress addressed the issue of furnishing transcripts at public expense in 28 U.S.C. § 753(f). The statute provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). 28 U.S.C. § 753(f) (1996) (parenthetical in

original).[1] The statute's purpose is to prevent the waste of taxpayer dollars on transcripts for use in baseless appeals. Therefore, the Court must determine whether Plaintiff's proposed appeal has some merit before it directs the government to pay for his transcripts.

Accordingly, Plaintiff must articulate some ground for appeal that requires transcripts before the Court will subject the government to that expense. When proceeding *in forma pauperis*, transcripts cannot be provided merely to allow [Plaintiff] to search for grounds for relief. *Bonner v. Henderson*, 517 F.2d 135, 135 (5th Cir. 1975) (per curiam). Instead, Plaintiff has the burden of demonstrating nonfrivolity and substantiality of the claims. *See Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967). Therefore, the Court must examine whether the proposed appeal is not frivolous (but presents a substantial question).

The language in § 753(f) suggests that the inquiries of frivolity and substantiality are not identical. *Corgain v. Miller* states that a claim is frivolous "if the petitioner can make no rational argument in law or facts to support his claim for relief." 708 F.2d 1241, 1247 (7th Cir. 1983). On the other hand, a "substantial" question is defined as "reasonably debatable." *Maloney*, 396 F.2d at 940 (citing *Ortiz v. Greyhound Corp.*, 192 F.Supp. 903, 905 (D. Md.1959)). Regardless, the statute mandates that Plaintiff's reason for obtaining free transcripts must be nonfrivolous *and also* present a substantial question. Therefore, the Court must determine whether the Plaintiff stated a nonfrivolous, substantial reason for obtaining the transcripts.

In his motion, Plaintiff states, "[T]ranscripts of the 11-14-2016 hearing are needed so the Plaintiff can refer to portions in his brief(s) to the U.S. Court of Appeals for the Ninth Circuit." (Doc. 219 at 1). This is Plaintiff's sole justification for transcripts. Defendants oppose the request for transcripts arguing that the November 14, 2016

---

[1] Plaintiff's motion falls within the meaning of "other proceedings" that are contemplated by §753(f), which describes the procedure for obtaining transcripts at the government's expense in the context of criminal or habeas corpus proceedings. *See* 28 U.S.C. 753(f).

hearing did not bear on the Court's summary judgment ruling; thus the hearing will not be relevant to the appeal. (Doc. 222). On this record, the Court cannot determine if Defendant is correct because the Court does not know for exactly what purpose on appeal Plaintiff seeks the transcript. Therefore, the Court cannot determine whether Plaintiff's purpose is nonfrivolous and substantial. Accordingly, on this record, the Court cannot grant Plaintiff's request.

Thus,

**IT IS ORDERED** Plaintiff's motion to expedite (Doc. 221) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's request for transcripts at the government's expense (Doc. 219) is denied, without prejudice.

Dated this 23rd day of June, 2017.

James A. Teilborg
Senior United States District Judge